LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
VICTORIA R. CARRADERO (STATE BAR NO. 217885)
vcarradero@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  650-614-7400
Facsimile:  650-614-7401

Attorneys for Plaintiff Sears, Roebuck and Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

SANTA ANA

| | |
|---|---|
| SEARS, ROEBUCK AND CO., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LISA FITTS and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>And Related Cross Actions | CASE NO.  SACV05-238 CJC (RNBx)<br><br>**DECLARATION OF ERIC BISHOP RE: OPPOSITION TO MOTION TO ENFORCE THE SETTLEMENT AS TO CLASS MEMBERS ISHMAEL AND FINKIEWICZ AND REQUEST FOR ATTORNEY'S FEES**<br><br>Date:      May 12, 2008<br>Time:      1:30 p.m.<br>Dept:      9B<br>Judge:    Hon. Cormac J. Carney<br><br>Action Filed:   July 11, 2003 |

OHS West:260427328.1

DECLARATION OF ERIC BISHOP

I, Eric Bishop, hereby declare:

1. I make this declaration of my own personal knowledge, and if called as a witness in this action, could and would testify competently as to the matters set forth herein. I am a Principal of Rust Consulting, Inc. ("Rust"). My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402. I am over the age of 18 and am authorized to make this declaration on behalf of Rust and myself.

2. Pursuant to the terms of the Stipulation of Settlement ("Stipulation") and court orders granting preliminary and final approvals of that settlement, Rust was engaged to administer the settlement in the Sears, Roebuck and Co. v. Lisa Fitts matter.

3. Rust mailed Notices on July 25, 2007 to class members, including to Jillian T. Ishmael ("Ishmael") and John R. Finkiewicz ("Finkiewicz") at their last known address provided by Sears. Prior to mailing the Notices, Rust submitted all of the addresses received from Sears through the National Change of Address database ("NCOA"), which contains all requested changes of address that have been filed with the United States Postal Service and are currently in effect. Neither Ishmael nor Finkiewicz' addresses provided to Rust by Sears were changed by the NCOA update. Rust did not receive back as "undeliverable" the Notices sent to Ishmael or Finkiewicz. Nor did Rust receive Proof of Claim Forms from Ishmael or Finkiewicz by the Claim/Objection/ Exclusion Deadline of September 24, 2007.

4. A reminder postcard was to be sent to those class members from whom Rust had not yet received a Proof of Claim Form. On September 7, 2007, Rust mailed these reminder postcards, including to Ishmael and Finkiewicz. The reminder postcards sent to Ishmael and Finkiewicz were not returned to Rust as "undeliverable." Neither Ishmael nor Finkiewicz called Rust to confirm that Rust received the Proof of Claim Form in response to the reminder postcard. The first

OHS West:260427328.1

DECLARATION OF ERIC BISHOP

time Rust heard from Ishmael and Finkiewicz regarding the settlement was after the settlement checks were distributed by Rust in December 2007. Rust was first contacted by Ishmael on January 2, 2008 and by Finkiewicz on December 31, 2007. After Finkiewicz contacted Rust, he requested and submitted a Proof of Claim Form, which was received by Rust on January 10, 2008. No such form has been received by Ishmael.

5. Rust worked closely with Sears' counsel and Class Counsel to provide accurate information regarding all timely Proof of Claim Forms, defective and untimely Proof of Claim Forms, and employee and employer paid taxes for each gross award. In November 2007, Rust provided Sears' counsel with the total gross award amounts and employee and employer paid taxes for all timely Proof of Claim Forms received by Rust so that Sears could fund the settlement account with the appropriate amount, as well as for any defective and/or untimely Proof of Claim Forms received by Rust that Sears agreed to accept for payment. This amount, plus the attorneys' fees, settlement administration costs and litigation expenses totaled $17,892,830.85. After Rust provided Sears with wire transfer instructions, Sears timely funded the settlement account with this specific amount on November 20, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 28, 2008, in the City of Minneapolis, County of Hennepin, State of Minnesota.

_____
ERIC BISHOP