**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 05-00238-CJC(RNBx)                                    Date: May 5, 2008

Title: <u>SEARS, ROEBUCK & CO. v. LISA FITTS et al.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                              <u>   N/A   </u>
Deputy Clerk                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AS TO CLASS MEMBERS JILLIAN ISHMAEL AND JOHN FINKIEWICZ [filed 4/22/08].**

     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for May 12, 2008 at 1:30 p.m. is hereby vacated and off calendar.

     Class representative Lisa Fitts moves the Court to enforce the terms of a settlement agreement with Sears, Roebuck & Co. ("Sears") as to class members Jillian T. Ishmael and John R. Finkiewicz. Ms. Fitts argues that Ms. Ishmael and Mr. Finkiewicz are entitled to full payment on their claims despite the fact that their Claim Forms were not received by the Claims Administrator. Sears contends that enforcing the settlement with respect to Ms. Ishmael and Mr. Finkiewicz would require the company to pay an invalid claim in violation of the settlement agreement. For the following reasons, Ms. Fitts' motion is GRANTED IN PART AND DENIED IN PART.

     Under the terms of the settlement agreement preliminary approved by the Court on June 25, 2007 (and ultimately finally approved on January 9, 2008), class members were required to return their claim forms with a postmark date of September 24, 2007 or earlier

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 05-00238-CJC(RNBx){nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}Date: May 5, 2008
{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}Page 2

in order to assert a valid claim against the settlement fund. The notice distributed to putative class members stated as follows:

> D.{nbsp}{nbsp}{nbsp}{nbsp}TO RECEIVE A SETTLEMENT PAYMENT
>
> In order to receive a settlement payment, you must complete and mail a valid Proof of Claim Form (which is enclosed with this Notice) to the Claims Administrator at the address below. **Your Proof of Claim Form must be postmarked no later than September 24, 2007. Late or incomplete Proof of Claim Forms will not be honored. If you do not submit a timely and valid Proof of Claim Form, you will not receive a settlement payment.**
>
> . . .
>
> . . . If you wish to have confirmation that the Claims Administrator has received your Proof of Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request.

(Notice of Lodgment, Ex. 1) (emphasis in original).

{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}Ms. Ishmael and Mr. Finkiewicz have each submitted a sworn declaration stating that they mailed their claim form before the deadline passed, yet never received payment under the settlement. Ms. Ishmael states that she deposited her claim form in a mailbox on McBryde Avenue near her home shortly after receiving the notice in the mail. (Declaration of Jillian Ishmael ("Ishmael Decl.") ¶ 4.) Contemporaneously, she recalls discussing the lawsuit with a co-worker who is also a class member. (*Id.*) She confirms she mailed the claim form "well before the deadline." (*Id.* at ¶ 5.) Mr. Finkiewicz testifies that he submitted his claim form "on or about August 28, 2007." (Declaration of John R. Finkiewicz ("Finkiewicz Decl.") ¶ 4.) He recalls the precise date because it was the one-year anniversary of his mother's death. (*Id.*) Right after he mailed the claim form, he purchased flowers and visited his mother's grave. (*Id.*)

{nbsp}{nbsp}{nbsp}{nbsp}{nbsp}The court retains equitable powers to monitor and implement a class action settlement after issuing its final approval order. *See Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972.) However, the court may not require the parties to accept settlement terms

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 05-00238-CJC(RNBx)　　　　　　　　　　　　　　　Date: May 5, 2008
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

to which they did not agree.  *See Evans v. Jeff D.*, 475 U.S. 717, 726 (1986).  Thus, while it is within the court's discretion to permit the filing of late claims, *see Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985), the court's discretion should not be exercised if such permission alters the agreed-upon obligation of the Defendant.

　　　　Here, enforcing the settlement with respect to Ms. Ishmael and Mr. Finkiewicz does not alter the obligation of Sears.  In order to submit a valid claim, class members were required to mail their claim form to the Claims Administrator.  (*See* Notice of Lodgment, Ex. A.)  By agreeing to base acceptance of a claim on class members' date of mailing as opposed to date of, or actual receipt by, the Claims Administrator, Sears implicitly accepted the contingency that some forms would be mailed by class members but not timely received by the Claims Administrator.  Moreover, class members were warned they would not receive payment "[i]f [they] do not submit a timely and valid Proof of Claim Form . . . ." (*Id.*)  They were not warned that they would not receive payment if the Claim Form was not received or verified by the Claims Administrator.  Both Ms. Ishmael and Mr. Finkiewicz testify that they submitted their claim form prior to the noticed deadline.  (*See* Ishmael Decl. ¶ 4; Finkiewicz Decl. ¶ 4.)  They therefore fulfilled their obligation under the Settlement Agreement.  Accordingly, the Court exercises its discretion to enforce the terms of the settlement with respect to these class members.

　　　　Sears argues that under the terms of the settlement agreement, a claim only becomes timely and valid upon verification of the postmark by the Claims Administrator.  (Opp'n 6-7.)  The Court disagrees.  The postmark is relevant to establishing the date of mailing, but there is nothing in the notice or Settlement Agreement which indicates verification of the postmark is a condition precedent to submitting a valid claim.  To the contrary, the notice requires class members to "complete and mail" their claim by the established deadline.  (Notice of Lodgment, Ex. A.)  Although the notice refers to a "valid claim," that phrase is appropriately interpreted to refer to eligibility and class membership rather than a separate, additional requirement for receiving payment under the settlement.  For the Court to require verification before a claim becomes valid would contradict the plain language of the notice, which only places a burden on class members to mail the claim form by the September 24, 2007 deadline.  Adopting Sears' position would create a new hurdle for validating a claim that is not in the notice and was not contemplated by the parties.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 05-00238-CJC(RNBx)                                              Date: May 5, 2008
                                                                              Page 4

      The cases cited by Sears in support of their argument are inapplicable here because the claim forms in those cases were all submitted *after* the deadline had passed. *See Burns*, 757 F.3d at 155 (describing claims submitted over one year after the passage of the deadline because class members failed to receive notice); *Valente v. PepsiCo, Inc.*, 89 F.R.D. 352, 363 (D. Del. 1981) (rejecting claims filed after the deadline because class members had not received notice of the settlement); *In re ML-Lee Acquisition Fund II, L.P.*, No. 92-60-JJF et al., 1999 U.S. Dist. LEXIS 4084, at *8 (E.D. Mich. Mar. 23, 1999) (rejecting claims filed after the deadline, or cured after the deadline for curing deficiencies). Here, the claim forms were submitted *before* the deadline, but were never received by the Claims Administrator. Thus the Court is not "eviscerat[ing]" the deadline, as Sears suggests (Opp'n 7), but is instead enforcing the terms of the settlement which did not make a claim's validity dependent on receipt and verification by the Claims Administrator.

      Ms. Fitts also moves for an award of attorneys' fees related to filing the instant motion for enforcement of the settlement. The stipulation between the parties related to the settlement authorizes an award of attorneys' fees if charged for purposes of enforcing the Agreement. (Notice of Lodging, Ex. 2 at 25.) The Court declines to exercise its discretion to award attorneys' fees here. Class counsel has received over $4.3 million in attorneys' fees for litigating and settling this case. The Court may reasonably presume class counsel took minor post-settlement disputes such as this one into consideration when determining how large of a percentage of the settlement to request as a fee award. Moreover, Sears has asserted a good faith, non-trivial basis for challenging the payment of Ms. Ishmael and Mr. Finkiewicz's claims.

      **Conclusion**

      Ms. Fitts' motion is GRANTED IN PART with respect to enforcement of the settlement for class members Jillian T. Ishmael and John R. Finkiewicz. Ms. Fitts' motion is DENIED IN PART with respect to her request for an award of attorneys' fees.

sdt

MINUTES FORM 11
CIVIL-GEN                                                                     Initials of Deputy Clerk MU